

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:20-mj- 82 |
| | ) | |
| DANA GHAZI MUSTAFA, | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
## AND ARREST WARRANT

I, Thomas Ferrara, a Federal Air Marshal employed as a Task Force Officer on the Federal Bureau of Investigation Joint Terrorism Task Force, being duly sworn, hereby depose and state as follows:

## INTRODUCTION AND BACKGROUND

1. I am a Federal Air Marshal with the Department of Homeland Security working with the Federal Bureau of Investigation (FBI) as a Task Force Officer on the Joint Terrorism Task Force and have been so employed since July of 2018. Prior to my work with the FBI, since 2009, I worked as law enforcement officer with the Federal Air Marshal Service (FAMS) and the Internal Revenue Service, Criminal Investigation (IRS-CI). I hold a degree in Accountancy with a concentration in Information Security. Additionally, I have received specialized training from the FAMS and IRS-CI relevant to the investigation of crimes against persons and crimes aboard an aircraft. As a federal agent, I am authorized to investigate violations of laws of the United States Code and execute warrants issued under the authority of the United States.

2. This affidavit is in support of a criminal complaint charging that on or about February 22, 2020, DANA GHAZI MUSTAFA forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with an officer and employee of the United States engaged in the

1

performance of his official duties, in violation of Title 18, United States Code, Section 111(a)(1). While this assault occurred over the Atlantic Ocean, the aircraft on which the offense occurred landed at Dulles International Airport (IAD), in the Eastern District of Virginia. Accordingly, MUSTAFA was first brought into and arrested this district, as provided in Title 18, United States Code, Section 3238.

3. The facts of this affidavit come from my personal observations, training and experience, and from information obtained from other agents and witnesses. Since this affidavit is submitted for the limited purpose of establishing probable cause for the requested warrant, I have not included each and every fact known to me concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to establish probable cause for the issuance of the arrest warrant requested herein.

## PROBABLE CAUSE

4. On February 22, 2020, flight attendants on board United Airlines flight #933 from Frankfurt, Germany to IAD were alerted to the activation of a lavatory smoke detector. The flight attendants encountered MUSTAFA in the lavatory and directed her not to smoke aboard the aircraft and to return to her seat.

5. Flight attendants observed that MUSTAFA was crying and visibly upset and relocated her to another seat. MUSTAFA then told a flight attendant that she was flying home to see her family, but they had died in a car accident caused by a drunk driver. The flight attendant moved MUSTAFA to a third seat that he thought would be more comfortable for her.

6. As MUSTAFA passed a Federal Air Marshal-2 (FAM-2) in route to her new seat, FAM-2 detected the odor of alcohol coming from MUSTAFA. After MUSTAFA was seated, she punched the television monitor in her seat back and threw an unidentified object, later identified

2

as a coin, at the bulkhead. Shortly thereafter, FAM-2 observed MUSTAFA leave her seat and walk to the rear of the plane while striking the flint of a lighter. A flight attendant directed MUSTAFA to return to her seat and she did so. Approximately 10 minutes later, MUSTAFA got up and moved towards the rear of the cabin, lighter in hand. A flight attendant attempted to stop MUSTAFA, but MUSTAFA pushed the flight attendant and tried to close the lavatory door. At that time, two FAMs interceded. FAM-1 identified himself as a Federal Air Marshal and ordered MUSTAFA to exit the lavatory. MUSTAFA refused to comply and was combative. FAM-3 attempted to handcuff and detain MUSTAFA, but MUSTAFA resisted by pulling her arms away, tensing up, and yelling for the FAM to get away.

7. After MUSTAFA was handcuffed, FAM-3 recovered a lighter and burned-out cigarette from her. In response, MUSTAFA began yelling, and a strong odor of alcohol emanated from MUSTAFA. MUSTAFA then started kicking at the FAMs, striking FAM-3 several times in the shins. Another FAM told MUSTAFA to calm down and relax and MUSTAFA stopped kicking at the FAMs. FAM-1 collected MUSTAFA's belongings and found a half-empty one-liter bottle of Absolute Vodka clearly visible in MUSTAFA's open tote.

8. MUSTAFA was seated next to FAM-3 for the remainder of the flight. FAM-3 told MUSTAFA that he would remove her handcuffs if she complied with his commands. During the remainder of the flight, MUSTAFA spontaneously uttered the following statements:

    a. "I'm going to stab everyone on the plane. Then kill myself. I'm Palestinian! That's how we get down;"

    b. "I was allowed to drink my duty-free bottle of vodka on my previous flight;"

    c. "What's the point of living?" and

d. MUSTAFA also described that she wanted to punch FAM-2 in the face and was imagining stabbing him.

9. After arriving at IAD, an FBI agent met MUSTAFA. He interviewed MUSTAFA, including regarding her statement that her family was killed by a drunk driver. MUSTAFA had difficultly recalling the facts of what she had previously said and she ultimately admitted that the story was a lie.

## CONCLUSION

10. Based on the information provided in this affidavit, I respectfully submit that there is probable cause to believe that on or about February 22. 2020, MUSTAFA, forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with an officer and employee of the United States engaged in the performance of his official duties, in violation of Title 18, United States Code, Section 111(a)(1). Further, while this assault occurred in an aircraft outside of the Eastern District of Virginia, this aircraft landed at Dulles International Airport. Accordingly, because MUSTAFA was first brought into and arrested in this this district, I submit that venue for this prosecution is proper in the Eastern District of Virginia, as provided in Title 18, United States Code, Section 3238.

Thomas Ferrara
Federal Air Marshal
Task Force Officer, Federal Bureau of Investigation

Sworn and subscribed to before me this 24th day of February, 2020.

/s/

Ivan D. Davis
United States Magistrate Judge

Alexandria, Virginia